UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES of AMERICA ex rel. PATSY GALLIAN, the STATES of ALABAMA, CALIFORNIA, CONNECTICUT, COLORADO, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, KANSAS, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, and WASHINGTON ex rel., PATSY GALLIAN, the COMMONWEALTHS of MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA ex rel., PATSY GALLIAN and the DISTRICT of COLUMBIA ex rel., PATSY GALLIAN and PATSY GALLIAN, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>AMERISOURCEBERGEN CORPORATION, AMERISOURCEBERGEN SPECIALTY GROUP, AND US BIOSERVICES CORPORATION,<br><br>Defendants. | CASE NO. 16-CV-2458<br><br>(VITALIANO, J)<br><br>Date of Service: Feb. 7, 2023 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO RELATOR'S MOTIONS TO RECONSIDER DISMISSAL OF 31 U.S.C. § 3729(a)(1)(G) CAUSE OF ACTION AND DISMISSAL WITH PREJUDICE, REFUSING TO GRANT LEAVE TO AMEND; AND FOR LEAVE TO AMEND**

Defendants AmerisourceBergen Corporation ("ABC"), AmerisourceBergen Specialty Group ("ABSG"), and US Bioservices Corporation ("US Bio") (collectively referred to as "Defendants") hereby submit this Opposition to Relator's Motion to Reconsider Dismissal of 31 U.S.C. § 3729(a)(1)(G) Cause of Action and Dismissal with Prejudice, Refusing to Grant Leave to Amend, and Motion for Leave to Amend.

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 2

I.      Relator Fails to Satisfy FRCP 59(e) or 60(b)(6) ................................................................ 2

    A.      Relator Fails to Satisfy FRCP 59(e) ...................................................................... 3

    B.      Relator Fails to Satisfy FRCP 60(b) ..................................................................... 5

II.     Relator Should Not Be Permitted to File the PTAC Because it is Futile ............................ 6

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adient PLC Secs. Litig.*,
  2020 WL 6063556 (S.D.N.Y. Oct. 14, 2020), *aff'd sub nom. Bristol Cnty. Ret.
  Sys. v. Adient PLC*, 2022 WL 2824260 (2d Cir. July 20, 2022) ................................. 6

*United States ex rel. Gelbman v. City of New York*,
  790 F. App'x 244 (2d Cir. 2019) ................................................................. 4, 5, 7, 8

*Jackson v. Avanos Med., Inc.*,
  2019 WL 1437517 (S.D.N.Y. Mar. 31, 2019), *aff'd sub nom. Jackson v.
  Abernathy*, 960 F.3d 94 (2d Cir. 2020) ................................................................. 7

*United States ex rel. Joseph v. Brattleboro Retreat*,
  2014 WL 3908432 (D. Vt. Aug. 10, 2014) ............................................................. 8

*Melendez v. N.Y.C. Dep't of Educ.*,
  2020 WL 5117948 (S.D.N.Y. Aug. 31, 2020) ........................................................ 3

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
  970 F.3d 133 (2d Cir. 2020) ............................................................................. 2, 3, 6

*United States ex rel. Miller v. Citigroup Inc.*,
  2022 WL 3030707 (S.D.N.Y. Aug. 1, 2022) .......................................................... 7

*Ong v. Chipotle Mexican Grill, Inc.*,
  329 F.R.D. 43 (S.D.N.Y. 2018) ....................................................................... 3, 4, 5

*Raydo v. City of New York*,
  2020 WL 5913527 (S.D.N.Y. Oct. 6, 2020) ........................................................... 4

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008) ................................................................................. 6

*Schwartz v. HSBC Bank USA, N.A.*,
  2017 WL 2634180, at *6 n.3 (S.D.N.Y. June 19, 2017), *aff'd*, 750 F. App'x 34
  (2d Cir. 2018) ....................................................................................................... 5

*Singh v. Schikan*,
  2015 WL 4111344 (S.D.N.Y. June 25, 2015) ........................................................ 4

*Suffolk Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*,
  958 F. Supp. 2d 399 (E.D.N.Y. 2013) ............................................................ 3, 4, 6

*Tzfira v. Kadouri Int'l Foods, Inc.*,
   2009 WL 10695620 (S.D.N.Y. June 23, 2009), *aff'd*, 365 F. App'x 236
   (2d Cir. 2020) .................................................................................................................5

**Rules**

Federal Rule of Civil Procedure 9 ................................................................................................7

Federal Rule of Civil Procedure 59 ...................................................................................... *passim*

Federal Rule of Civil Procedure 60 ....................................................................................1, 2, 5, 6

**INTRODUCTION**

Relator's last-ditch attempt to salvage her claims by asking the Court to reconsider its detailed and carefully reasoned opinion—and in the process allow her a fourth bite at the pleading apple—fails both procedurally and substantively. If Relator disagrees with the Court's decision, the appropriate vehicle is an appeal. It is not the very narrow and limited procedural mechanism of reconsideration, nor the last-minute effort to rejigger her legal theory.

As an initial matter, Relator ignores the threshold requirements for setting aside or modifying a judgment, and thereby receiving post-judgment leave to amend. Those requirements are governed by Federal Rules of Civil Procedure 59(e) or 60(b). Rule 59(e) permits a court to modify a prior judgment only based on a change in law, discovery of new evidence, or to correct a clear error. Rule 60(b) allows for amendment of a prior judgment only due to mistake, newly discovered evidence, fraud, because a judgment is void, satisfaction or discharge of the judgment, or "any other reason that justifies relief," which requires a showing of exceptional circumstances. Relator does not attempt to establish any of the predicates for the invocation of either Rule.

Even if the Court were to entertain Relator's Proposed Third Amended Complaint (the "PTAC"), it fails to remedy the deficiencies this Court identified in its Order dismissing the Second Amended Complaint (the "SAC"). *See* ECF No. 72 (the "Order"). Relator's PTAC regurgitates the same allegations in her SAC that this Court dismissed six weeks ago. This time, however, Relator includes only a reverse false claims cause of action, seemingly attempting to present a "new theory" by simply repackaging the bulk of her allegations as indicia of reverse false claims alone rather than both affirmative and reverse false claims. This does nothing to

cure the multiple pleading deficiencies the Court found in the SAC. The PTAC suffers from the same deficiencies.

## BACKGROUND

Relator originally filed a Complaint alleging False Claims Act ("FCA") violations on May 13, 2016. *See* ECF No. 1. After the government declined to intervene, Relator filed an Amended Complaint on November 6, 2019, and then the SAC on March 26, 2020. *See* ECF Nos. 4, 11, and 29. Defendants moved to dismiss the SAC.

This Court granted the Defendants' motion on December 22, 2022, with prejudice as to the federal FCA claims and without prejudice to the state FCA claims and denied Relator's request for leave to amend. Order at 17-19. The Court then entered Judgment in favor of Defendants on December 28, 2022. *See* ECF No. 73. In denying Relator's request for "leave to amend her complaint a third time," the Court observed that Relator "had multiple opportunities to cure the deficiencies in her complaint, including an opportunity after defendants filed their initial motion for a pre-motion conference, which outlined their arguments in support of dismissal." Order at 17.

Undeterred, on January 24, 2023, Relator filed her Motion to Reconsider (the "Motion") and her Motion for Leave to Amend to file a Third Amended Complaint ("Motion for Leave") (collectively referred to as the "Motions"). *See* ECF Nos. 74-75.

## ARGUMENT

**I.  Relator Fails to Satisfy FRCP 59(e) or 60(b)(6)**

A party seeking to file an amended complaint following entry of a judgment must first have the judgment vacated or set aside pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). Relator does not address the requirements of either Rule. Instead, Relator merely cuts back on

2

her legal theory and pastes chunks of the PTAC into her Motion. This falls well short of satisfying either Rule, and provides no reason for the Court to disturb its prior Order and Judgment, or entertain the PTAC.

### A. Relator Fails to Satisfy FRCP 59(e)

To invoke Rule 59(e), a party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Metzler Inv.*, 970 F.3d at 142. The "narrow aim" of the Rule reflects the fact that district courts have the power to correct their own mistakes even after entering a judgment. *Ong v. Chipotle Mexican Grill, Inc.*, 329 F.R.D. 43, 50-51 (S.D.N.Y. 2018) (quoting *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991)), *aff'd sub nom. Metzler Inv.*, 970 F.3d 133. Such relief "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* at 50 (quoting *Universal Trading & Inv. Co. v. Tymoshenko*, 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013)). Parties may not use Rule 59(e) to "present new or alternative theories that they failed to set forth in connection with the underlying motion." *Suffolk Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013).

Relator has not satisfied Rule 59(e). First, she has not pointed to any change in law since the Court issued its Order a mere six weeks ago. In fact, according to Relator's Motion, the legal requirements governing reverse false claims have been clear for over a decade. Mot. at 9-10; *see, e.g.*, *Melendez v. N.Y.C. Dep't of Educ.*, 2020 WL 5117948, at *2 (S.D.N.Y. Aug. 31, 2020).

Second, Relator points to no new evidence warranting reconsideration. *Metzler Inv.*, 970 F.3d at 146-47. There is nothing she pleads now that she could not have pled before. Indeed, Relator admits she could have added the allegations before the Defendants moved to dismiss the

3

SAC nearly three years ago. Mot. at 14. This is insufficient to invoke Rule 59(e). *See Raydo v. City of New York*, 2020 WL 5913527, at *3 (S.D.N.Y. Oct. 6, 2020) (denying motion where plaintiffs knew names of two individuals and "had ample opportunity to amend their complaint during the pendency of the action" to name them, but never did so); *Ong*, 329 F.R.D. at 52 (denying motion where new allegations in proposed complaint contained information previously available to plaintiffs).

Third, Relator has not shown clear error or manifest injustice. Relator does not argue the Court's Order overlooked any factual matters.[1] Instead, she simply wants another bite at the apple and a chance to revise her allegations based on nothing new. Her failure to plead before what she wants to plead now, despite "multiple opportunities" to do so, including "after defendants filed their initial motion for a pre-motion conference," (Order at 17) is not a manifest injustice. It was her choice. *See Singh v. Schikan*, 2015 WL 4111344, at *2 (S.D.N.Y. June 25, 2015) (refusing to reconsider order on basis of manifest injustice where plaintiffs previously amended complaint and "were free to request further leave to amend at numerous points before the Court entered its decision," including after "receiving defendants' letter in anticipation of filing a motion to dismiss"); *Suffolk Fed. Credit Union*, 958 F. Supp. 2d at 402 (parties may not "present new or alternative theories that they failed to set forth in connection with the underlying motion"); *Ong*, 329 F.R.D. at 50 (plaintiff may not "examin[e] a decision and then plug[] the gaps of a lost motion with additional matters").

Moreover, Relator's Motion recommends that the Court ignore *United States ex rel. Gelbman v. City of New York*, 790 F. App'x 244 (2d Cir. 2019) because it purportedly conflicts

---

[1] Relator appears to argue the Court erred in reviewing the SAC's factual allegations regarding affirmative false claims, but Relator expressly disclaimed that she was seeking reconsideration of that portion of the Order. Mot. at 7 nn.2-3.

4

with other Courts of Appeals' decisions governing reverse false claims. *See* Mot. at 8. It is not clear error for this Court to rule consistently with the Second Circuit. Nor can Relator argue this Court failed to follow binding precedent. *See Tzfira v. Kadouri Int'l Foods, Inc.*, 2009 WL 10695620, at *2 (S.D.N.Y. June 23, 2009) (rejecting argument court erred and denying reconsideration because plaintiff failed to show court overlooked controlling decisions), *aff'd*, 365 F. App'x 236 (2d Cir. 2010).[2]

Accordingly, this Court properly held that the SAC did not "plausibly allege that any billing entries correspond to government overpayments obtained through the submission of a false claim, or even that those entries correspond to governmental, as opposed to commercial, overpayments." Order at 17. In other words, the Court determined that Relator failed to show an obligation to repay the government at all. *Id.* Relator does not dispute that a requirement of a reverse false claim is a defendant's obligation to repay the government. *See* Mot. at 9-11.

Based on Relator's ample opportunity to include the allegations in the PTAC in prior complaints and her failure to demonstrate a basis for amending the Court's Order, the Court should deny the Motion under Rule 59. *See Schwartz v. HSBC Bank USA, N.A.*, 2017 WL 2634180, at *6 n.3 (S.D.N.Y. June 19, 2017), *aff'd*, 750 F. App'x 34 (2d Cir. 2018).

### B. Relator Fails to Satisfy FRCP 60(b)

Relator fares no better under Rule 60(b). Rule 60(b) enumerates certain specific grounds for altering or amending final judgments. In addition, Rule 60(b)(6) allows a court to alter or amend a final judgment for "any other reason that justifies relief." However, Rule 60(b)(6) is available "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not

---

[2] To the extent Relator is suggesting *Gelbman* should be overturned, that is not a proper argument at this stage of the proceedings. *See Ong*, 329 F.R.D. at 50 (Rule 59(e) motions are not substitutes for appeals).

recognized in" other sub-sections of the Rule. *Metzler Inv.*, 970 F.3d at 143. A party must show that "evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result." *Suffolk Fed. Credit Union*, 958 F. Supp. 2d at 402 (quoting *Figueroa v. Walsh*, 2008 WL 1945350, at *4 (E.D.N.Y. May 1, 2008)).

Relator did not address any sub-section of Rule 60(b) in her Motions, and none apply here. For example, Rule 60(b)(2) permits relief where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." However, given Relator's role at US Bio, she knew all of the information in her new allegations at the time of filing her initial Complaint. That is insufficient. *See In re Adient PLC Secs. Litig.*, 2020 WL 6063556, at *6-7 (S.D.N.Y. Oct. 14, 2020), *aff'd sub nom. Bristol Cnty. Ret. Sys. v. Adient PLC*, 2022 WL 2824260 (2d Cir. July 20, 2022); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191-92 (2d Cir. 2008).

Nor has Relator offered any extraordinary circumstances warranting the invocation of Rule 60(b)(6). On the contrary, Relator was "afforded and availed [herself] of three opportunities" to state a claim. *Metzler Inv.*, 970 F.3d at 147. At bottom, Relator's Motions reflect the "self-evident" point that "a plaintiff afforded attempt after attempt – and consequently, additional time to investigate – might one day succeed in stating a claim. But the federal rules and policies behind them do not permit such limitless possibility." *Id.* And, here, Relator has offered nothing even to suggest that one day she might succeed in stating a claim.

Accordingly, Relator's Motions should be denied.

## II. Relator Should Not Be Permitted to File the PTAC Because it is Futile

In any event, the PTAC's allegations of reverse false claims do not remedy the deficiencies the Court identified in the SAC. To establish a reverse false claim, a relator must

allege an obligation to repay the federal government. *See Gelbman*, 790 F. App'x at 249-50. Like affirmative false claims, reverse false claims are subject to Rule 9(b)'s heightened pleading standard requiring alleging fraud "with particularity." *See United States ex rel. Miller v. Citigroup Inc.*, 2022 WL 3030707, at *3 (S.D.N.Y. Aug. 1, 2022). Like the SAC, the PTAC fails to allege with particularity that an obligation was owed to the government. Because the PTAC is futile, Relator should not be permitted to file it. *See Jackson v. Avanos Med., Inc.*, 2019 WL 1437517, at *3 (S.D.N.Y. Mar. 31, 2019), *aff'd sub nom. Jackson v. Abernathy*, 960 F.3d 94 (2d Cir. 2020).

The PTAC suffers from the very same deficiencies that led the Court to dismiss the SAC. For example, as the Court observed, the SAC's "rehashed references to decontextualized spreadsheet entries" fail to establish that any entries represented government overpayments. Order at 17. The PTAC simply rehashes that rehashing. It contains the same exact "decontextualized spreadsheet entries" included in the deficient SAC. *Id.*; *see, e.g.*, PTAC ¶ 81.

Like she did in the SAC, Relator presumes that every entry on the excerpted spreadsheets and invoices in the PTAC is an improper overpayment from the government. But Relator provides no particularized allegations in support of that contention. For example, the PTAC and SAC both refer to the same two lines of a purported internal company document as evidence of overpayments from the government allegedly related to a medication named Carticel. SAC, at 21-22 and PTAC ¶ 63. However, as this Court explained in its Order, the excerpt does not identify: (1) any medication named Carticel; (2) the particular government payor that allegedly overpaid; or (3) how many Carticel treatments were connected to the payment. Order at 7-8;

PTAC ¶ 63. "In other words, it is not clear that this excerpt reflects an overpayment." Order at 8.[3]

Even assuming the excerpts in the PTAC reflect actual overpayments, Relator still fails to include any allegations establishing that the purported entries reflect payments from government payors as opposed to commercial payors, let alone that Defendants identified these entries as overpayments and knowingly withheld them. Order at 17; *see also Joseph*, 2014 WL 3908432, at *10. To the contrary, the PTAC makes clear that certain credits Relator identifies were *not* owed to the government. *See, e.g.*, PTAC ¶ 92 (noting paying entity included Horizon, Aetna, "Various," Pennsylvania Blue Cross Blue Shield, UHC, Liberty Mutual, ACE USA/ESIS, and Summacare); ¶ 98 (noting paying entity included "Out of Network," Texas Blue Cross Blue Shield, "Multiplan," North Carolina Blue Cross Blue Shield, Independence Blue Cross of Pennsylvania, CareCentrix, Highmark Blue Shield of Pennsylvania, Anthem Blue Cross Blue Shield of Colorado, and United Healthcare). This is yet another example of the PTAC failing to cure fatal deficiencies in the SAC.

Both the SAC and PTAC describe a complex billing, accounting, and reconciliation process in the healthcare industry, including the use of credits, but fail to allege sufficient facts supporting Relator's view that the purported credits referenced in the SAC or PTAC are overpayments and obligations owed to the government. As this Court held with respect to the SAC, that is insufficient to allege a reverse false claim and Relator's Motions should be denied. *Gelbman*, 790 F. App'x at 249-50; *see also Joseph*, 2014 WL 3908432, at *10 (concluding

---

[3] Relator's allegation that she possesses "thousands" of other records reflecting similar conduct is plainly insufficient to satisfy Rule 9. PTAC ¶ 63; *see United States ex rel. Joseph v. Brattleboro Retreat*, 2014 WL 3908432, at *11 (D. Vt. Aug. 10, 2014).

8

ledgers failed to reflect amount defendant "should have been paid, or whether any alleged overpayment was actually retained").

## **CONCLUSION**

For the foregoing reasons, the Court should deny Relator's Motions with prejudice.

DATED:   February 7, 2023                                         Respectfully submitted,

/s/ *Eric W. Sitarchuk*
Eric W. Sitarchuk
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215).963.5000
Fax (215).963.5001
eric.sitarchuk@morganlewis.com

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Eric W. Sitarchuk, hereby certify that I served a true and correct copy of the foregoing by the Court's ECF system on February 7, 2023, which delivered copies to all counsel of record.

/s/ *Eric W. Sitarchuk*
Eric W. Sitarchuk