# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES of AMERICA ex rel. PATSY GALLIAN, the STATES of ALABAMA, CALIFORNIA, CONNECTICUT, COLORADO, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, KANSAS, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, and WASHINGTON ex rel., PATSY GALLIAN, the COMMONWEALTHS of MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA ex rel., PATSY GALLIAN and the DISTRICT of COLUMBIA ex rel., PATSY GALLIAN and PATSY GALLIAN, Individually | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) **RELATOR'S REPLY TO DEFENDANTS'** ) **MEMORANDUM IN OPPOSITION TO** ) **MOTIONS TO RECONSIDER DISMISSAL OF** ) **31 U.S.C. § 3729(A)(1)(G) CAUSE OF** ) **ACTION AND DISMISSAL WITH** ) **PREJUDICE, REFUSING TO GRANT LEAVE** ) **TO AMEND; AND FOR LEAVE TO AMEND** |
| Plaintiffs, | ) ) |
| v. | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| AMERISOURCEBERGEN CORPORATION, AMERISOURCEBERGEN SPECIALTY GROUP, AND US BIOSERVICES CORPORATION, | ) ) ) ) **CASE NO. 16-CV-2458** ) |
| | ) **(VITALIANO, J)** |
| DEFENDANTS. | ) |

**RELATOR'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTIONS TO (1) RECONSIDER DISMISSAL OF 31 U.S.C. § 3729(a)(1)(G) CAUSE OF ACTION AND DISMISSAL WITH PREJUDICE, REFUSING TO GRANT LEAVE TO AMEND; AND (2) FOR LEAVE TO AMEND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..ii

I.     INTRODUCTION……………………………………………………………………1

II.    ARGUMENT…………………………………………………………………………3

      A.    **Relator Has Demonstrated the Need to Correct Clear Error………………3**

      B.    **Relator Has Demonstrated Circumstances that Justify Relief……………..5**

      C.    **Relator Has Had No Post-Dismissal Opportunity to Re-plead…………….6**

      D.    **Relator Has Shown Amendment Would Not Be Futile……………………10**

III.   CONCLUSION……………………………………………………………………..12

# TABLE OF AUTHORITIES

**CASES**

*Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 98 S. Ct. 556, 54 L. Ed. 2d 521, *reh'g denied*, 434 U.S. 1089, 98 S. Ct. 1286, 55 L. Ed. 2d 795 (1978)……………………………………..2

*Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986)……………………………………………………….2

*Darby v. Greenman*, 14 F.4th 124 (2d Cir. 2021)……………………………………………………4

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)………………...7, 8, 9, 10

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370 (2d Cir. 2021)…………..5

*Hancock v. Cty. of Rensselaer*, 882 F.3d 58 (2d Cir. 2018)……………………………….…….5

*Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595 (2d Cir. 2021)…………………………………………5

*Indiana Public Retirement System v. SAIC, Inc.,* 818 F.3d 85 (2d Cir. 2016)……………8, 9, 10

*Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284 (8th Cir. 1998)…………...2

*Juras v. Garland*, 21 F.4th 53 (2d Cir. 2021)………………………………………………………4

*Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174 (2d Cir. 2020)………………………...5

*L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95 (2d Cir. 2016)…………………………………………5

*Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31 (2d Cir. 2014)…………………………………5

*Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133 (2nd Cir. 2020)……………………………………………………………………………….5, 6, 7, 8, 9, 10

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240 (2d Cir. 1991)………………9

*Quituizaca v. Garland*, 52 F.4th 103 (2d Cir. 2022)………………………………………………4

*Tzfira v. Kadouri Int'l Foods, Inc.*, 2009 WL 10695620 (S.D.N.Y. June 23, 2009), *aff'd,* 365 F. App'x 236 (2d Cir. 2010) (summary order)…………………………………………..............4

*United States ex rel. Gelbman v. City of New York*, 790 F. App'x 244 (2d Cir. 2019) (summary order)………………………………………………………………………………………4, 10

*United States v. Dieter*, 429 U.S. 6 (1976)………………………………………………………1

*Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011)……………………………..6, 7, 8, 9, 10

**STATUTES**

31 U.S.C. §§ 3729(a)(1)(A)…………………………………………………………………...2

31 U.S.C. §§ 3729(a)(1)(B)……………………………………………………………………2

31 U.S.C. § 3729(a)(1)(G)……………………………………………1, 2, 3, 4, 6, 10, 11, 12

**RULES**

Fed. R. Civ. P. 59(e)………………………………………………………………1, 2, 6, 7, 8, 9

Fed. R. Civ. P. 60(b)………………………………………………………………1, 5, 6, 7, 8, 9

# I.
# INTRODUCTION

Relator Patsy Gallian ("Relator" or "Gallian") files this Reply to Defendants' Memorandum in Opposition [Dkt. # 76; the "Opposition"] to Motions To (1) Reconsider Dismissal of 31 U.S.C. § 3729(a)(1)(G) Cause of Action and Dismissal With Prejudice, Refusing To Grant Leave To Amend [Dkt. # 74; the "Motion to Reconsider"]; and (2) for Leave To Amend [Dkt. # 74; the "Motion to Amend," together with the Motion to Reconsider, the "Motions"], pursuant to Federal Rules of Civil Procedure 59(e) and/or 60(b)(6). In support, Relator respectfully would show the Court as follows:

Defendants initially complain that Relator has chosen the wrong procedural "vehicle," contending that she should have filed an appeal rather than seeking reconsideration and leave to "rejigger her legal theory." Opposition at 1. Defendants correctly note that the Rule 60(b)(6) catch-all provision permits a court to grant relief from a judgment for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and that courts construe the authority granted by Rule 59(e) to alter or amend a judgment to permit the Court to correct a clear or manifest error. Opposition at 1.

Defendants' suggestion, however, that Relator should have headed straight to the Court of Appeals fails to recognize the purposes of these Rules. The Supreme Court has held that the purposes of Rule 59(e) include avoiding unnecessary burdens on the Courts of Appeals and Supreme Court and allowing the district courts the opportunity to correct their own errors. *See United States v. Dieter*, 429 U.S. 6, 8 (1976) ("[T]he consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal . . . . *To have held otherwise might have prolonged litigation and unnecessarily burdened this Court, since plenary consideration of an issue by an appellate court*

*ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing*. The fact that appeals are now routed to the courts of appeals does not affect *the wisdom of giving district courts the opportunity promptly to correct their own alleged errors*, and *we must likewise be wary of imposing added and unnecessary burdens on the courts of appeals*."), cited by, *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986) ("[T]he purpose of Rule 59 is to allow the district court *to correct its own errors*, *sparing the parties and appellate courts the burden of unnecessary appellate proceedings.* "). *See also, e.g., Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 271, 98 S. Ct. 556, 54 L. Ed. 2d 521, *reh'g denied*, 434 U.S. 1089, 98 S. Ct. 1286, 55 L. Ed. 2d 795 (1978) (Rule 59 is based on interest in speedy disposition and finality."); *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (FRCP 59(e) was adopted to clarify district court's power to correct its own mistakes in time period immediately following entry of judgment.).

      Relator's Motion to Reconsider directs the Court's attention to clear errors in its Order dismissing Relator's federal causes of action with prejudice, which merit reconsideration. Relator's Motions do not seek to "rejigger" her legal theories. To the contrary, without conceding the correctness of the Court's dismissal of her False Claims Act ("FCA") causes of action under 31 U.S.C. §§ 3729(a)(1)(A) and (B), Relator has chosen to address the Court's most clear errors, in its dismissal of her section 3729(a)(1)(G) cause of action, abandoning the (A) and (B) causes of action. Her proposed amended complaint does not, as Defendants suggest, present a "new theory." Opposition at 1. Instead, she points out the Court's clear errors in dismissing the (G) cause of action with prejudice.

# II.
# ARGUMENT

A.  **Relator Has Demonstrated the Need to Correct Clear Error.**

Relator has not contended there has been an intervening change of controlling law or the availability of new evidence,[1] see Opposition at 3, but has demonstrated clear error of law in the Court's dismissal.

Nor does Relator "present new or alternative theories that [she] failed to set forth in connection with the underlying motion." Opposition at 3. Relator presents the same theory under the FCA's section 3729(a)(1)(G) reverse false claims provision as in her Second Amended Complaint and her opposition to Defendants' briefing on their motion to dismiss.

She does not merely rehash old arguments, however, but points out that the Court's decision to dismiss the reverse false claim cause of action **overlooks** the second, disjunctive portion of the amended (in 2009) reverse false claim liability provision, without analysis or explanation, which requires no false claim and no materiality to a false claim, and that in that extraordinary situation, the decision merits reconsideration. It simply is not true, as Defendants argue, that Relator "failed to plead what she wants to plead now," Opposition at 4, and so their indignant assertion that such non-existent failure "is not a manifest injustice," is simply a red

---

[1] Defendants correctly assert that "Relator points to no new evidence" supporting reconsideration, Opposition at 3, then contradict themselves contending "Relator admits she could have added *the allegations* before the Defendants moved to dismiss." Opposition at 3-4 (emphasis added). Defendants do not identify "the allegations." However, Defendants apparently are referring to Relator's Motion to Reconsider, where Relator responded to the assertions that she had been given opportunities to amend but failed to do so. On two occasions *before* the Court ruled on Defendants' Motion To Dismiss, Relator wrote, "[t]o the extent, if any, the Court should require additional allegations specifying that Defendants' CMS electronic billing is uniquely in its possession and control, Relator requests leave to amend her complaint to add such allegations." Dkt. ## 55 at 2, 66-2 at 32. This is not relevant to Relator's Motions to Reconsider and for Leave to Amend, because, as Relator has demonstrated, a claim for payment is not an element of a reverse false claim cause of action, which is the only cause of action as to which Relator is seeking reconsideration and the only cause of action as to which she is seeking leave to amend.

herring attempting to distract the Court from the legal error in its analysis of the reverse false claim provision.

Defendants are particularly indignant about Relator's discussion of *United States ex rel. Gelbman v. City of New York*, 790 F. App'x 244 (2d Cir. 2019) (summary order) "because it purportedly conflicts with other Courts of Appeals' decisions governing reverse false claims," Opposition at 4-5 ("It is not clear error for this Court to rule consistently with the Second Circuit."). Defendants argue that "Relator [cannot] argue this Court failed to follow binding precedent," citing *Tzfira v. Kadouri Int'l Foods, Inc*., 2009 WL 10695620, at *2 (S.D.N.Y. June 23, 2009), *aff'd,* 365 F. App'x 236 (2d Cir. 2010) (summary order) for rejecting an argument that the court erred and denying reconsideration because the plaintiff failed to show that the court overlooked controlling decisions.

And Relator *has not* argued that this Court has failed to follow binding precedent but that the Court has erroneously (1) treated the non-precedential summary order in *Gelbman* as binding precedent, creating new Second Circuit law and a circuit split regarding the construction of the plain language of section 3729(a)(1)(G); (2) overlooked the plain language of the reverse false claim provision which creates liability for any person who "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government," 31 U.S.C. § 3729(a)(1)(G); (3) and disregarded the persuasive character of the opinions of every other Circuit Court that has analyzed and ruled on the issue. *See, Quituizaca v. Garland*, 52 F.4th 103, 108 n.20 (2d Cir. 2022) (unpublished summary orders are thus non-precedential); *Juras v. Garland*, 21 F.4th 53, 64 (2d Cir. 2021) (non-precedential opinions "could not dictate our decision"); *Darby v. Greenman*, 14 F.4th 124, 135 (2d Cir. 2021) ("Because our summary orders are non-precedential, Gaffney does not control here.");

*Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 601 (2d Cir. 2021) ("Finally, Navient relies on a summary order of this Court, which is by definition non-precedential . . . ."); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 381 & n.5 (2d Cir. 2021) ("Although we are not bound by the unpublished and non-precedential ruling in *Valdin*, we do not break from that panel's decision lightly. *See L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 123 n.17 (2d Cir. 2016) (cautioning that '[d]enying summary orders precedential effect does not mean that the [C]ourt considers itself free to rule differently in similar cases' (internal quotation marks omitted)). But as this issue presents a purely legal question of some importance, we conclude that *Valdin* does not represent the law of our Circuit on this issue, and so hold in this opinion."); *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 189 (2d Cir. 2020) ("[*n*]on-precedential' decisions, by their very definition, do not make law."); *Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 63-64 (2d Cir. 2018) (three-judge panel decision holding non-precedential order of Second Circuit Court of Appeals "is incorrect."); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 61 (2d Cir. 2014) ("Non-precedential" decisions, by their very definition, do not make law.").

B.  **Relator Has Demonstrated Circumstances that Justify Relief.**

Defendants acknowledge that Rule 60(b)(6) permits the Court to alter or amend a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Citing *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2nd Cir. 2020), Defendants recite that Rule 60(b)(6) relief from a judgment is properly invoked "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in" the other Rule 60(b) subsections. *Id.* at 143. Defendants argue that Rule 60(b)(6) relief is unavailable because "Relator 'was 'afforded and availed [herself] of three opportunities' to state a claim." Opposition at 6 (quoting

*Metzler*, 970 F.3d at 147. In *Metzler*, however, at least one of the opportunities to re-plead had been after an order of dismissal without prejudice, in which the district court "[i]n dismissing the First Amended Complaint . . . issued a thorough opinion that identified defects that a second amended complaint should cure. Even with the benefit of that opinion, however, the plaintiffs failed to cure such deficiencies in their Second Amended Complaint." *Id.* at 145. Here, on the other hand, Relator had no opportunity to amend after the order of dismissal, with the benefit of the Court's opinion and guidance.

**C.     Relator Has Had No Post-Dismissal Opportunity to Re-plead.**

Defendants contend that Relator should not be granted leave to amend because the Proposed Third Amended Complaint suffers the same defects as the Second Amended Complaint and thus leave to file would be futile. Relator, of course, has asked the Court to reconsider whether identification of false claims for payment and materiality to such false claims is an element of a 31 U.S.C. § 3729(a)(1)(G) reverse false claim cause of action. In *Metzler*, the Court of Appeals conducted a lengthy and thorough analysis of its prior decisions regarding post-judgment motions under Rules 59(e) and 60(b)(6), which also sought leave to amend, and concluded that it is an abuse of discretion to deny a motion under Rule 59(e) when the plaintiff was not given opportunity to replead after dismissal. 970 F.3d at 144.

In *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011), the Court of Appeals reversed the district court's denial of a motion to reopen the judgment under Rules 59(e) and 60(b) and leave to amend, where the district court had granted a motion to dismiss with prejudice and entered judgment without providing the plaintiff an opportunity to replead. 970 F.3d at 143 (citing *Williams,* 659 F.3d at 211-12). The district court had denied the motion on the grounds that the plaintiff failed to "demonstrate[] any basis" for relief from the judgment and to "explain

why she should be granted leave to replead at this stage when she failed to request an opportunity to replead" at an earlier stage in the litigation. 970 F.3d at 143 (citing Williams, 659 F.3d at 212).

The Court of Appeals looked to *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), for authority with respect to the interplay between Fed. R. Civ. P.'s liberal policies for leave to amend and the value of finality. 970 F.3d at 143. In *Foman,* the Supreme Court considered a post-judgment motion to vacate the judgment and for leave to amend after dismissal for failure to state a claim. 371 U.S.at 179-81. The district court had denied the motion without explanation. Id. at 179. The Supreme Court construed the motion as one under Rule 59(e) and reversed, *id.* at 181, and stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed,* undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182.

The *Metzler* court concluded that "[i]t follows that it is an abuse of discretion to deny a motion under Rule 59(e) . . . when the plaintiff was never given an opportunity to replead in the first place. 970 F.3d at 144. While the District Court in this action cited failure to cure deficiencies by previous amendments, the Second Circuit *in Williams,* reversing the denial of the post judgment motion to amend, emphasized the importance of an opportunity *after dismissal,* to

amend to cure defects perceived by the District Court. The Court of Appeals explained that *Foman* "makes unmistakably clear" that a plaintiff need not "seek leave to replead either together with her response to the motion to dismiss, or indeed prior to the district court's entry of judgment." *Metzler,* 970 F.3d at 144 (quoting *Williams*, 659 F.3d at 214).

Consistent with *Foman* and *Williams*, in *Indiana Public Retirement System v. SAIC, Inc.,* 818 F.3d 85 (2d Cir. 2016), the Second Circuit reversed a district court's denial of motions to amend or vacate a dismissal and judgment and grant leave to file a proposed second amended complaint. *Metzler,* 970 F.3d at 144-45 (citing *SAIC*, 818 F.3d at 92). *SAIC* differed from *Foman* and *Williams* in that prior to the dismissal and denial of the motions to vacate or amend and for leave to amend, the district court had granted in part and denied in part a motion to dismiss the first amended complaint. *Id.* at 144 (citing *SAIC*, 818 F.3d at 91). In the order of partial dismissal, the district court granted the plaintiffs leave to amend the claims that were dismissed without prejudice. *Id.* The plaintiffs did not amend but proceeded with their remaining claims. Subsequently, the defendants moved for reconsideration of the partial denial of their motion to dismiss, and the district court granted the motion, and dismissed all the plaintiff's claims with prejudice, and entered judgment for the defendants. *Id.* The district court denied the plaintiffs' motions to amend or vacate the dismissal and judgment and for leave to amend on the grounds of failure to demonstrate grounds for relief under Rule 60(b) and futility. *Id.* at 144-45 (citing *SAIC,* 818 F.3d at 92).

As in *Williams*, the Court of Appeals began with the necessity of having the judgment vacated under Rule 59(e) or 60(b) before leave to amend can be granted, noting that Rule 60(b) "authorizes a court to grant relief from a final judgment for 'any . . . reason that justifies relief.'" *SAIC,* 818 F.3d at 92 (ellipsis in original) (quoting Fed. R. Civ. P. 60(b)(6)). The Court of

Appeals reiterated dictum from *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir. 1991) that in view of the provision in rule 15(a) that "leave [to amend] shall be freely given when justice so requires," it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment. *Metzler*, 970 F.3d at 145. On *de novo* review, the Court of Appeals found that amendment would not be futile and did not reach questions regarding the relationship between Rule 15 and Rules 59(e) and 60(b).

The *Metzler* court deemed it important that while the district court in *SAIC* had authorized amendment after its first decision on the motion to dismiss, but on reconsideration dismissed all the plaintiffs' claims and prohibiting amendment without providing a justification, foreclosing the plaintiffs from proceeding except by motion for relief from the judgment. 970 F,3d at 145 (citing *SAIC*, 818 F.3d at 91-92), concluding that at the time of the dismissals complained if, the plaintiffs in *SAIC, Wilson* and *Foman* were in parallel procedural patterns, differing only in that the plaintiffs in *SAIC* had had one opportunity to amend where the plaintiffs in *Wilson* and *Foman* had none. *Id.*

By contrast, the plaintiffs in *Metzler* had three opportunities to amend, including one subsequent to the court's dismissal of their first amended complaint, with "the benefit of the district court's thorough opinion, which identified defects that a second amended complaint should cure. Even with the benefit of that opinion, however, the plaintiffs failed to cure such deficiencies in their Second Amended Complaint. *Id.*

Thus, the Court of Appeals concluded, "**Ii]n the post-judgment context, we have indeed given 'due regard' to 'the liberal spirit of Rule 15' by ensuring plaintiffs at least one [post-dismissal] opportunity to re-plead.** *Williams,* 659 F.3d at 213-14. Therefore, binding

precedent in *Foman, Williams, SAIC* and *Metzler* requires that Relator be afforded a post-dismissal opportunity to amend, with the benefit of the Court's decision identifying defects that must be cured to survive a successive motion to dismiss.

**D.    Relator Has Shown Amendment Would Not Be Futile.**

Because Relator has shown clear error in the Court's failure to recognize that (1) the 2009 amended reverse false claim provision, 31 U.S.C. § 3729(a)(1)(G), does not include a requirement of a false claim for payment to create an obligation to pay the Government, or a materiality requirement; (2) that every Court of Appeals that has examined the question in a precedential decision has concluded that there is no false claim, statement or record requirement and no materiality requirement in the amended reverse false claim provision; and (3) *Gelbman* is a non-binding, non-precedential, and incorrect decision to the extent it requires a false claim, Relator's Proposed Third Amended Complaint would not be futile.

Relator's Proposed Third Amended Complaint ("PTAC") has alleged with particularity that obligations were owed to the Government. See PTAC, Dkt #75-1 at pp.[2] 5, 13-14, 15-16, 27, 29-32, 36-37, 38-39, 40-41, ¶¶ 4, 23-24, 27, 53, 63, 64, 74, 75, 77, 81, 84; see also Motion to Reconsider, Dkt # 74 at pp.[3] 5, 6, 7, 10. .

Defendants complain that Relator has not "established" that any entries on the excerpted spreadsheets represented overpayments. Relator, however, is not required to "establish" facts at the motion to dismiss stage of her case, but only to plausibly allege them. This she has done. See See PTAC, Dkt # 75-1 at pp.[4]29-31 ¶ 63 ("A paper 'Adjustment Form' and related paper and electronic documents in Relators' possession reflect that the drug delivered to this patient on July

---

[2] ECF pagination.
[3] ECF pagination.
[4] ECF pagination.

11, 2013 was Carticel, the invoice number for this service was 410-100479.01, the Payor was the Dept. of VA, and that an adjustment was made, moving a ***credit balance*** of $36,766.40 that should have been re-paid to the VA to 'CONREV,'—a U.S. Bio revenue account—on April 30, 2014 by N.Rodriguez (keyed in) as requested by 'Nateisha' on November 20, 2013. This document further reflects . . . ."); p. 40-41 ¶ 84 (chart and adjustment form, chart reflecting three invoice numbers with dates of service, credit balances, transfer of the balance on Defendants' books, and "payor error reflecting three government payors: Tricare, Dept. of Labor and Veterans Affairs; adjustment form correlating to Department of Labor invoice on chart and reflecting adjustment to "CONREV" an internal revenue account); p. 45 ¶ 91 (audit report excerpt reflecting 9 of 30 sampled claims in which Government Payer balances were incorrectly taken into revenue and one government payer incorrectly listed as non-government payer); pp, 46-47 ¶ 92 (chart excerpt includes at least one Government payor, line 22, Department of VA and reflects $71,270.40 moved from V.A. to revenue); pp. 52-53 ¶ ¶ 104-105 (excerpt from analysis indicating $49,960,905.58 in Government payments were affected by overcharges due to misclassification as long-term pharmacy).

      Similarly, Defendants contend that Relator has not "established" that payors identified in the excerpted spreadsheets were Government payors, and that their names prove that they were not payors on behalf of Government programs. Opposition at 8. Again, Relator is not required to establish facts but to allege them. Relator has explained in her allegations that private entities participate as payors in Government programs. The preceding paragraph identifies payors identified as Government payors in the excerpted charts.

      Finally, Defendants complain that Relators have not "shown" that "credits" reflected in in Defendants' records are "overpayments and obligations to the Government." Opposition at 8.

But credits in Accounts Receivable records are by definition negative balances on a customer's account, representing money that is not owed to Defendants, and must be refunded to the payor. Moreover, Relator has so alleged that credits are monies owed to Government entities, that U.S. Bio intentionally hid and failed to disclose and repay, contrary to the False Claims Act and its statutory obligations. See supra at pp. 10-11.

## III.
## CONCLUSION

Therefore, for the reasons set forth here and in Relator's Motions to Reconsider, Relator respectfully requests that the Court reconsider and set aside or vacate its judgment and its order dismissing Relator's reverse false claims cause of action under 31 U.S.C. § 3729(a)(1)(G) with prejudice and grant her contemporaneously filed motion for leave to amend to plead her reverse false claim cause of action.

DATED: February 14, 2023

                                              Respectfully submitted,

                                              /s/ *Catherine C. Jobe*
                                              Catherine C. Jobe
                                              Texas SBN: 10668280
                                              Samuel L. Boyd
                                              Texas SBN: 02777500
                                              **BOYD & ASSOCIATES, PC**
                                              6440 North Central Expressway, Suite 600
                                              Dallas, Texas 75206-4101
                                              Telephone: (214) 696-2300
                                              Facsimile: (214) 363-6856
                                              sboyd@boydfirm.com
                                              cjobe@boydfirm.com

                        /s/ *Richard D. Meadow*
                        Richard D. Meadow
                        EDNY Bar Number: RM2621
                        W. Mark Lanier
                        Texas SBN: 11934600
                        Alex J. Brown
                        Texas SBN: 24026964
                        Chris Gadoury
                        Texas SBN: 24034448
                        **LANIER LAW FIRM**
                        10940 W. Sam Houston Pkwy N
                        Suite 100
                        Houston, TX 77064
                        Telephone: (800) 723-3216

                        **Counsel for Relator/Qui Tam Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Relator's Motion To Reconsider Dismissal of 31 U.S.C. § 3729(a)(1)(G) Cause of Action and Dismissal with Prejudice, Refusing To Grant Leave To Amend was served upon all counsel of record, via the Court's CM/ECF system, this 14th day of February 2023.

                        /s/ *Catherine C. Jobe*
                        **Catherine C. Jobe**