UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES of AMERICA ex rel. PATSY GALLIAN, the STATES of ALABAMA, CALIFORNIA, CONNECTICUT, COLORADO, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, KANSAS, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, and WASHINGTON ex rel., PATSY GALLIAN, the COMMONWEALTHS of MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA ex rel., PATSY GALLIAN and the DISTRICT of COLUMBIA ex rel., PATSY GALLIAN and PATSY GALLIAN, Individually, <br><br>Plaintiffs, <br><br>v. <br><br>AMERISOURCEBERGEN CORPORATION, AMERISOURCEBERGEN SPECIALTY GROUP, AND US BIOSERVICES CORPORATION, <br><br>Defendants. | CASE NO. 16-CV-2458 <br><br>(VITALIANO, J) |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO RELATOR'S MOTION
FOR ENTRY OF DECISION ON MOTIONS TO RECONSIDER
AND FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants respectfully request that that the Court deny Relator's Motion for Entry of Decision (ECF No. 82) and, for the reasons previously submitted by Defendants, deny Relator's underlying Motion to Reconsider and Motion for Leave to Amend and file the Third Amended Complaint (ECF Nos. 74-75).

For the reasons set forth in Defendants' Memorandum in Opposition to Relator's Motions to Reconsider and for Leave to Amend (ECF No. 76), Relator's prior Motions to Reconsider and

1

for Leave to Amend offered no basis for the relief requested. Relator's Motion to Reconsider set forth no reason under Rules 59(e) or 60(b) for the Court to set aside or modify its prior judgment. Relator presented no change in law, newly discovered evidence, or clear error in the Court's decision granting Defendants' motion to dismiss—because none exists—necessary to invoke the "extraordinary remedy" of Rule 59(e). *Ong v. Chipotle Mexican Grill, Inc.*, 329 F.R.D. 43, 50 (S.D.N.Y. 2018); *see also* ECF No. 76 at 3-5. Relator did not address Rule 60 in her Motion for Reconsideration, but in any event, it does not apply. Relator did not show a mistake, newly discovered evidence, undue hardship, or other "extraordinary circumstances" justifying relief under Rule 60. *See Ream v. Berry-Hill Galleries, Inc.*, 2022 WL 4292380, at *4-5 (S.D.N.Y. Sept. 16, 2022); *see also* ECF No. 76 at 5-6.

Relator's Motion for Leave to Amend fared no better. It relied on the same deficient allegations and "decontextualized spreadsheet entries" this Court has already rejected. ECF No. 72 at 17. The Proposed Third Amended Complaint offers no new facts supporting Relator's theory of liability and fails to remedy the fatal shortcomings that plagued the Second Amended Complaint. *See Wilson v. N.Y.C. Dep't of Corrs.*, 2013 WL 1430768, at *3 (S.D.N.Y. Apr. 9, 2013); *see also* ECF No. 76 at 6-9.

Relator's current Motion for Entry of Decision (ECF No. 82) adds nothing new. The Court ruled correctly when it granted Defendants' motion to dismiss and denied Relator's motion for leave to amend in December 2022. *See* ECF No. 72. Relator has offered no basis for the Court to reconsider that ruling or to permit her to amend the complaint for a third time. Thus, it is respectfully submitted that all of Relator's pending motions should be denied.

DATED:   July 23, 2025                                    Respectfully submitted,

                                                          */s/ Eric W. Sitarchuk*
                                                          Eric. W. Sitarchuk
                                                          **MORGAN, LEWIS & BOCKIUS LLP**
                                                          2222 Market Street
                                                          Philadelphia, PA 19103-3007
                                                          Tel. (215).963.5000
                                                          Fax (215).963.5001
                                                          eric.sitarchuk@morganlewis.com

                                                          Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Eric W. Sitarchuk, hereby certify that I served a true and correct copy of the foregoing by the Court's ECF system on July 23, 2025, which delivered copies to all counsel of record.

*/s/ Eric W. Sitarchuk*
Eric. W. Sitarchuk